IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODNEY L. SMITH, #207349,       ) | |
|                                  ) | |
|     Plaintiff,               ) | |
|                                  ) | |
| v.                         ) | CIVIL ACTION NO. 2:12-CV-1012-WKW |
|                                  ) | |
| GARY HETZEL, et al.,      ) | |
|                                  ) | |
|     Defendants.            ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Rodney L. Smith ["Smith"], a state inmate, on November 16, 2012 (Doc. No. 1). In the complaint, Smith challenges actions taken against him and general conditions of confinement to which he was subjected during a prior period of incarceration at the Easterling Correctional Facility.

Pursuant to the orders of this court, the defendants filed a written report supported by relevant evidentiary materials in which they addressed the claims for relief presented by Smith. The report and evidentiary materials refute the allegations presented by Smith in the complaint. Specifically, these undisputed documents indicate that under the circumstances of this case the defendants did not use excessive force against Smith or subject him to conditions that violated the Eighth Amendment.

In light of the foregoing, the court issued an order directing Smith to file a response to the defendants' written report. *Order of April 2, 2013 - Doc. No. 21*. The order advised Smith that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response**

**in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. The time allotted Smith for filing a response in compliance with the directives of this order has expired. As of the present date, Smith has failed to file a requisite response in opposition to the defendants' written report. The court therefore concludes this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear dismissal of this case is the proper course of action. Smith is an indigent inmate. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Smith has exhibited a lack of deference for this court and its authority as he has failed to comply with the directives of the orders entered in this case. Finally, Smith's actions in the face of the defendants' report indicate a loss of interest in the continued prosecution of this case and evidentiary materials submitted by the defendant indicate that no violation of the Constitution occurred. It is therefore apparent that any additional effort by this court to secure his compliance would be unavailing. Consequently, the court concludes that the plaintiff's abandonment of his claims and his failure to comply with the orders of this court warrant dismissal.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. It is further

ORDERED that on or before June 10, 2013, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 28th day of May, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE